[No. 13710. In Bank.—March 6, 1891.]

C. S. PREBLE ET AL., RESPONDENTS, *v.* A. ABRAHAMS, APPELLANT.

VENDOR AND PURCHASER—CONTRACT OF SALE—OBLIGATION OF PURCHASER.—REFORMATION.—An agreement signed both by the vendors and by the purchaser, in which the vendors agree to sell to the purchaser a certain tract of land at a certain price per acre, and upon payment of the price to make, execute, acknowledge, and deliver to the purchaser a good and sufficient deed, vesting the title of the property in him, obligates the purchaser as strongly to buy and to pay the price specified as it does the vendors to sell for that price, and needs no reformation to insert an express agreement by the purchaser to purchase the property, which is alleged to have been omitted by mistake.

ID.—DESCRIPTION OF LAND—STATUTE OF FRAUDS—CONTEMPORANEOUS SALE.—A contract to sell "forty acres of the eighty-acre tract at Biggs" is sufficiently certain to satisfy the statute of frauds, where it appears from the evidence that the vendors at the date of the contract sold the western half of the tract to another purchaser by a contemporaneous

agreement clearly specifying the part sold, leaving only the eastern half of the tract as the subject-matter of the sale in controversy.

ID. — PAROL EVIDENCE — IDENTIFICATION OF SUBJECT-MATTER. — Parol evidence is always admissible to explain the surrounding circumstances, and the situation and relations of the parties at and immediately before the execution of the contract, in order to connect the description with the thing intended, and thereby to identify the subject-matter, and to explain all technical terms and phrases used in a special or local sense.

ID. — CERTAINTY OF DESCRIPTION — MAXIM. — The description need not be absolutely certain, either from the writing itself or by reference to some other writing; but it is sufficient if the subject-matter is identified, and the terms appear reasonably certain, when the court is placed by parol evidence in the situation of the parties, in consonance with the maxim, *Certum est quod certum reddi potest.*

ID. — GOOD AND SUFFICIENT DEED — ENCUMBRANCES. — Where the vendors contract to deliver a good and sufficient deed vesting the title in the purchaser, the purchaser is not compelled to accept or pay for a conveyance which does not vest in him the fee free of all encumbrances.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. H. Lindsay,* and *Gray & Sexton,* for Appellant.

The agreement needed no reformation. (*Richards* v. *Edrick,* 17 Barb. 263; *Pordage* v. *Cole,* 1 Saund. 319 h; *Baldwin* v. *Humphrey,* 44 N. Y. 614, 615.) But the agreement is not sufficiently certain in its terms to be enforceable. (Civ. Code, secs. 3390, 1741; *Co-operative Association* v. *Phillips,* 56 Cal. 547; Waterman on Specific Performance, sec. 154, and cases cited; *C. & A. R'y Co.* v. *Stewart,* 18 N. J. Eq. 489; *McGuire* v. *Stevens,* 9 Am. Law Reg., N. S., 484; *Ferris* v. *Irving,* 28 Cal. 645; *Minturn* v. *Baylis,* 33 Cal. 132; *Brockway* v. *Frost,* 40 Minn. 155; *Burnett* v. *Kullak,* 76 Cal. 535; *Magee* v. *McManus,* 70 Cal. 553; *Breckenridge* v. *Crocker,* 78 Cal. 529; *Feeny* v. *Howard,* 79 Cal. 525, 72 Am. St. Rep. 162; *Abeel* v. *Radcliff,* 13 Johns. 297, 7 Am. Dec. 377; Fry on Specific Performance, 166.) Oral evidence is not admissible to supply an omission in an instrument, where written evi-

dence is required by law. *McGuire* v. *Stevens*, 9 Am.
Law Reg., N. S., 484; 3 Starkie on Evidence, 1000;
*Woolan* v. *Hearn*, 2 White and Tudor's Lead. Cas. 589;
*Randolph* v. *Helps*, 9 Col. 32.) The agreement can only
be construed to apply to an undivided interest in the
eighty-acre tract. (*Lick* v. *O'Donnel*, 3 Cal. 59; 58 Am.
Dec. 383; *Schenk* v. *Evoy*, 24 Cal. 110; *Lawrence* v. *Ballou*,
37 Cal. 520; *Grogan* v. *Vache*, 45 Cal. 611.) The agree-
ment for an undivided interest is impossible of perform-
ance, as respondents had parted with title to forty acres
to another purchaser.

*John Gale*, for Respondents.

It is at least doubtful whether the written agreement
purports to be an agreement to buy. (Civ. Code, secs.
1726–1729.) The court was justified in reforming the
contract, and enforcing it as reformed, upon the parol
proof of mistake which is found by the court to have
existed. (*Stockbridge Iron Co.* v. *Hudson Iron Co.*, 107
Mass. 270; *Hunt* v. *Administratrix of Rousmaniere*, 1 Pet.
1; *Hunt* v. *Rousmaniere*, 8 Wheat. 174; *Lestrade* v. *Barth*,
19 Cal. 660, and cases there cited; *Gillespie* v. *Moon*, 2
Johns. Ch. 585; 7 Am. Dec. 559; *Russell* v. *Mixer*, 42 Cal.
475; *Murray* v. *Dake*, 46 Cal. 644; *Higgins* v. *Parsons*, 65
Cal. 280.) The contract in question is not void for un-
certainty, nor by reason of the provisions of the statute
of frauds. Parol testimony is admissible to aid in mat-
ters of description. (*Fish* v. *Hubbard*, 21 Wend. 652; 1
Smith's Lead. Cas. 496; 2 Smith's Lead. Cas. 256; *Lob-
del* v. *Lobdel*, 36 N. Y. 327; *Minneapolis etc. R. R. Co.* v.
*Cox*, 76 Iowa, 306, 14 Am. St. Rep. 216; *Nunez* v. *Mor-
gan*, 77 Cal. 427; *Roysdale* v. *Moys*, 65 Tex. 255; *Hurley*
v. *Brown*, 98 Mass. 545, 96 Am. Dec. 671; *Mead* v. *Parker*,
115 Mass. 413, 20 Am. Rep. 110; *Began* v. *O'Reilly*, 32 Cal.
1; *Ryan* v. *Davis*, 5 Mont. 506; *Ryan* v. *United States*, 136
U. S. 68; *Burnett* v. *Kullack*, 76 Cal. 535; Pomeroy on
Contracts, 217–228.)

SHARPSTEIN, J. — The plaintiffs, in their complaint, allege that on the thirteenth day of January, 1888, they and the defendant entered into an agreement, of which the following is a copy:—

"BIGGS, January 13, 1888.

"This agreement made and entered into by C. S. Preble and C. S. Young, of Reno, Nevada, and A. Abrahams, of the same place; said Preble & Young agree to sell to A. Abrahams, of Reno, for $125 per acre, for forty acres of the eighty-acre tract at Biggs, and upon ·the payment of the said sum said parties of the first part shall make, execute, and acknowledge, and deliver unto the party of the second part, a good and sufficient deed, vesting the title of said property in party of second part.

"PREBLE & YOUNG.

"A. ABRAHAMS.

"Witness: M. BIGGS, JR."

Plaintiffs further allege that when said agreement was written it was understood between all the parties thereto that the same should contain a clause obliging said defendant to buy said land at said price of $125 per acre, and the omission of such a clause therefrom was wholly accidental and unintentional; that between the words "said Preble & Young agree to sell to Abrahams, of Reno," and the words "for $125 per acre, for forty acres of the eighty-acre tract at Biggs," in said contract, there should have been inserted the words "and said Abrahams agrees to purchase"; that the omission was the result of a mutual mistake, etc. Plaintiffs further allege that they have kept and performed all the terms, covenants, and conditions on their part to be performed, and that defendant refuses to keep or perform any of the terms, covenants, or conditions of said contract on his part, and refuses to purchase said land, or pay plaintiffs therefor; wherefore plaintiffs pray to have said contract reformed so as to make it obligatory upon defendant to purchase said land at the price agreed upon, and that as

so reformed, it be construed and enforced. In his answer, the defendant denies all the material allegations of the complaint, except the making of the memorandum in writing, a copy of which is contained in the complaint. Evidence was introduced by the plaintiffs, tending to prove the alleged mistake in the memorandum in writing of the agreement between the parties, and by the defendant, tending to prove that there was no mistake. Upon all the material issues the court found in favor of the plaintiffs, and decreed the reformation of the contract and a specific performance of it, as prayed in the complaint. Defendant moved for a new trial upon a statement. The motion was denied, and from the judgment, and from the order denying the motion for a new trial, defendant appeals.

Everything relating to the reformation of the contract may be eliminated from the case, because the contract as reformed means just what it did before it was reformed. Without any reformation, it obligated the defendant as strongly to buy and pay the price specified for the land as it did the plaintiffs to sell it for that price.

Appellant contends that the agreement which it is sought to have specifically performed is "an agreement the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable," and therefore cannot be specifically performed. (Civ. Code, sec. 3390.)

The contention is, that the agreement to sell "forty acres of the eighty-acre tract at Biggs" is not sufficiently certain to make the precise act which is to be done clearly ascertainable. This is the only agreement in writing between the parties for the sale or purchase of any real estate; and an agreement not in writing for the sale and purchase of real estate is void. And the description of the property in the written agreement is so entirely uncertain as to render the instrument inop-

erative and void, unless we can go beyond the face of it to ascertain its meaning. Parol evidence is always admissible to explain the surrounding circumstances, and situation and relations of the parties, at and immediately before the execution of the contract, in order to connect the description with the only thing intended, and thereby to identify the subject-matter, and to explain all technical terms and phrases used in a local or special sense. (Pomeroy on Contracts, sec. 152.)

It appears by the written agreement that the parties intended a sale and purchase of land, and that it was "forty acres of the eighty-acre tract at Biggs." If the vendors owned an eighty-acre tract at Biggs, we would assume that they intended to sell forty acres of the eighty-acre tract owned by them at Biggs. Evidence was introduced which tended to prove the location and description of the eighty-acre tract at Biggs, and in what part of the tract the forty acres which plaintiffs agreed to sell to defendant was situated. The court, in effect, found that at the date of said agreement, one Mrs. Biggs was desirous of purchasing one half of said eighty-acre tract, i. e., the western half, upon which there were valuable improvements. She offered to pay for that half five thousand dollars. Plaintiffs would not accept her offer, but offered to sell the entire eighty-acre tract for ten thousand dollars. Thereupon defendant agreed with plaintiffs that if they would sell to Mrs. Biggs the western half of said eighty-acre tract for $125 per acre, he, defendant, would purchase the other half of said eighty-acre tract and pay $125 per acre therefor. The finding is justified by the evidence, and there is no specification of the particulars in which the evidence is insufficient to justify that finding. The contracts to sell to Mrs. Biggs one half of said eighty-acre tract, and to the defendant the other half thereof, were made at the same time and place. We think the evidence makes the subject-matter sufficiently certain, and that is all that is necessary.

Professor Pomeroy says: "It is not strictly accurate to say that the subject-matter must be absolutely certain from the writing itself, or by reference to some other writing. The true rule is, that the situation of the parties and the surrounding circumstances, when the contract was made, can be shown by parol evidence, so that the court may be placed in the position of the parties themselves; and if *then* the subject-matter is identified, and the terms appear reasonably certain, it is enough." (Pomeroy on Contracts, sec. 227, note.) This is in consonance with the maxim, *Certum est quod certum reddi potest.*" The evidence clearly shows that the parties perfectly understood that the sale and purchase was not of an undivided interest of forty acres in a tract of eighty acres, but of forty acres in severalty. The defendant does not claim in his answer, nor in his evidence, that he intended to purchase an undivided interest in the eighty-acre tract. He denies that he intended or agreed to purchase any interest whatever. Nothing is made more clear by the evidence than that Mrs. Biggs, with the full knowledge of all the parties, purchased the forty acres of said eighty-acre tract upon which the improvements were located. This is clearly specified in the written agreement between her and the plaintiffs. They agreed to sell her forty acres, including the buildings and orchards on the forty acres, to be taken by her where the houses and barns and orchards were at that time, and the same place on which Mr. Biggs, Jr., and his family were residing. This and the agreement to sell to the defendant were contemporaneous. The defendant, if he agreed to purchase anything, agreed to purchase the forty acres remaining after the forty acres purchased by Mrs. Biggs had been segregated from said eighty-acre tract.

By the judgment of the court below, the plaintiffs are required "to execute, duly acknowledge, and deliver to said defendant a good and sufficient deed of conveyance

in fee, and free and clear of all encumbrances, the form of the same to be settled and approved by the judge of said superior court, if the parties differ respecting it, of the following described premises, to wit: Forty acres of land, being the eastern half of said eighty-acre tract described in said complaint, and the part thereof not heretofore conveyed to M. Biggs, Jr., said eighty-acre tract being one of the tracts into which the ranch known as Biggs's upper ranch is divided, and upon the western half of which the dwelling-house and buildings used in connection with said ranch are situated, all being situated near Biggs, in said Butte County." And it is further adjudged that if said defendant refuse to receive said deed, the plaintiffs file the same with the clerk of the court; and that upon such delivery or filing of said conveyance the defendant pay to the plaintiffs, or their attorney, the sum of five thousand dollars, the purchase price named in said agreement.

It is urged on behalf of the defendant that said premises are encumbered, and therefore he ought not to be compelled to accept a conveyance of them. He is not compelled to accept a conveyance which does not vest in him the fee free of all encumbrances. He was once tendered a conveyance, which he did not refuse to accept on the ground that it did not convey the premises free of all encumbrances, but on the ground that he had never agreed to purchase the premises. He is amply protected by the judgment against any encumbrances, and until he is tendered a conveyance free of all encumbrances, he is not compelled to accept it or to pay anything to the plaintiffs.

The errors of law specified are such as could not have affected the substantial rights of the parties, and therefore must be disregarded.

Judgment and order affirmed.

HARRISON, J., McFARLAND, J., DE HAVEN, J., and GAROUTTE, J., concurred.