[S. F. No. 3487.    Department One.—October 11, 1905.]

## KING-KEYSTONE OIL COMPANY, Respondent, v. SAN FRANCISCO BRICK COMPANY, Appellant.

CONTRACT TO SELL OIL—IMPLIED COVENANT TO PURCHASE.—Where a written contract, signed by both parties, required the plaintiff to sell and deliver to the defendant all of the oil to be used for fuel at the works of the defendant, in quantities and at a price specified, and requiring all oil delivered to be paid for on or before the 28th of each month for all deliveries during the preceding month at the price specified, there is an implied covenant on the part of the defendant to purchase such oil.

ID.—ACTION FOR BREACH—PLEADING AND PROOF—FINDINGS.—Where the plaintiff alleged breach of a contract whereby the plaintiff agreed to sell and deliver to defendant, and defendant agreed to receive and pay for the oil in question, and defendant while denying such contract set up the written contract in full containing the implied covenant to receive and pay for the oil, the plaintiff was not required to prove the averment of the agreement by the defendant, and it is sufficient that the findings set out the contract in full as pleaded by the defendant, though no finding was required upon the admission of the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellant.

Haven & Haven, for Respondent.

SHAW, J.—This was an action by the plaintiff to recover of the defendant damages arising from the breach of a contract for the sale of oil by the plaintiff to the defendant.  Judgment was given in favor of the plaintiff, the defendant's motion for a new trial was denied, and from the judgment and order denying the new trial the defendant appeals.

The only point made upon the appeal is that the case fails to show that the defendant agreed to buy the oil in controversy.  The complaint alleges that by the contract "plaintiff agreed to sell and deliver to defendant, and defendant agreed

to receive and purchase from plaintiff, all the petroleum or oil to be used for fuel by the defendant, at its works situated in San Francisco,'' for the period of one year. The answer denies that the parties ever executed a contract whereby the plaintiff agreed to sell or deliver to defendant, or defendant agreed to receive or purchase from plaintiff, all or any of the petroleum or oil to be used for fuel or any other purpose by the defendant at the said works, and alleges that the only contract entered into was a certain contract in writing, which is set out in full. The substantial parts of the contract thus set forth are as follows: ''This agreement in duplicate made this 13th day of December, 1900, by and between the King-Keystone Oil Company, . . . the party of the first part, and the San Francisco Brick Company, the party of the second part, witnesseth, that the said party of the first part for and in consideration of the following covenants to be duly kept and performed by the party of the second part, does hereby agree to sell and deliver to the party of the second part all the petroleum to be used for fuel at its said works situate in the city and county of San Francisco, California. Said petroleum to be delivered in quantities of 700 to 1,000 barrels of 42 gallons each per month for the next 60 or 90 days from the date hereof, and all deliveries thereafter to be at the rate of 1,200 or 2,000 barrels of 42 gallons each per month. It is further agreed that upon 60 days' notice from the party of the second part the party of the first part agrees to deliver to the party of the second part from 3,000 to 4,000 barrels per month, if the party of the second part should require the same. The price of all oil delivered under this contract to be $1.12 per barrel of 42 gallons loaded in tank wagons of the party of the second part at the works of said party of the first part at 415 Berry Street, San Francisco. All oil delivered under this contract to be paid for on or before the 28th day of each month for all deliveries during the preceding month at the price above named.'' This contract is signed by both parties, and was to remain in force for one year. There are other provisions relating to other matters which are not material to the question before the court.

The contention of the defendant is that this contract contains no covenant on the part of the defendant to buy the oil which the plaintiff agrees to sell, and consequently that

it does not sustain the allegation of the complaint that the defendant agreed to receive and purchase the oil in question. The contract in this respect is precisely the same in legal effect as that construed in *Preble* v. *Abrahams,* 88 Cal. 245, [26 Pac. 99, 22 Am. St. Rep. 301]. In that case, as in this, the contract was signed by both parties, but there was no language expressing an agreement on the part of Abrahams, the purchaser, to buy the property which the other party agreed to sell. Suit was brought by the seller to enforce the contract of Abrahams to make the purchase, and it was alleged that the covenant to purchase on the part of Abrahams was omitted from the contract by the mutual mistake of the parties, and the plaintiff asked that the contract be reformed by inserting the omitted part and thereupon enforced. The court say with respect to this contract: "Everything relating to reformation of the contract may be eliminated from the case, because the contract as reformed means just what it did before it was reformed. Without any reformation, it obligated the defendant as strongly to buy and pay the price specified for the land as it did the plaintiff to sell it for that price." So in the case at bar, in which the contract is much more complete and certain in this respect than the one considered in *Preble* v. *Abrahams,* there is a clearly implied agreement on the part of the defendant to buy the oil which the plaintiff thereby agreed to sell. It was not necessary, therefore, under this state of the pleadings, for the plaintiff to offer any evidence in support of this allegation. It was admitted by the answer, and constituted a part of the facts of the case without being expressly stated in the findings. The findings, however, set out the contract in full.

There are no other points made by the defendant which require notice. They are all dependent upon, and relate to, the question of the proper construction of the contract in the respect above mentioned.

The judgment and order are affirmed.

Angellotti, J., and Van Dyke, J., concurred.