[Civ. No. 741. First Appellate District.—July 12, 1911.]

## H. D. CARVER, Appellant, v. SAN JOAQUIN CIGAR COMPANY, a Corporation, Respondent.

CORPORATIONS—ACTION FOR SERVICES AS SECRETARY—VACANCY—SPECIAL CONTRACT WITH PRIOR SECRETARY NOT IMPLIED — REASONABLE VALUE—FINDINGS—JUDGMENT AFFIRMED.—Where a former secretary of a corporation, employed upon a salary of $40 per month, to include all other services rendered to the corporation, resigned, and a successor was chosen to fill the vacancy, without apparent knowledge of the previous arrangement and without a special contract for salary, no salary at the previous rate is implied, and the successor can only recover the reasonable value of his services; and where the court found such services to be reasonably worth the sum of $30, and made other special findings, supporting the judgment for that sum, the judgment therefor must be affirmed upon appeal taken upon the judgment-roll alone.

APPEAL from a judgment of the Superior Court of Fresno County.   Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Carter & Carter, for Appellant.

E. S. Van Meter, and N. C. Coldwell, for Respondent.

KERRIGAN, J.—This is an action to recover for services rendered.   The case was tried, and the court filed its findings of fact, finding substantially as follows: On February 20, 1904, the defendant corporation, at a meeting of the board of directors, passed a resolution, wherein they appointed a secretary and fixed her salary at $40 per month "as compensation for services as secretary, and all other services to be rendered the corporation by her."   The person holding the office of secretary at that time, by virtue of such appointment, was a woman, and she held the position until April 2, 1907, when she resigned.   On the same day, April 2, 1907, the plaintiff was elected and appointed the secretary of said corporation to fill such vacancy.   The plaintiff upon his election immediately entered upon the performance of his duties as secretary, and has ever since continued as such secretary of said corporation.   The court, however, further found that while the plaintiff has always been ready, able and willing to perform any services required of him as secretary, "no actual duties have been performed by, or required of, plaintiff as such secretary since about the twelfth day of April, 1907, and no meeting of the board of directors of said corporation has been had or held since said second day of April, 1907."   No express contract was entered into between the parties fixing the compensation of the plaintiff for his services as secretary.

From these facts the court, as a conclusion of law, found that all the services rendered by the plaintiff as secretary were reasonably worth the sum of $30, and accordingly judgment for that sum was entered in his favor against the defendant.   The next day after the entry of the judgment the plaintiff appealed therefrom, and the appeal is brought here upon the judgment-roll alone.

The case is well briefed. We think, however, from the facts above narrated, that no contract can be implied, entitling the plaintiff to receive from the defendant the same salary as was paid to his predecessor. Under the resolution appointing plaintiff's predecessor she was to be compensated at the rate of $40 per month as secretary and for all other services to be rendered by her to the defendant. More than three years after her appointment the plaintiff was elected, and it does not appear that he knew the amount of her salary. In the resolution designating him as secretary nothing is said about salary, and he performed the duties of the office for only about ten days; and while he was ready and willing to discharge the duties of the office at all times, it does not appear that he was required or willing to perform any other services, nor that if so required, and he performed other services, the $40 a month was to cover them. In fine, we believe that the two resolutions depended upon by the plaintiff, together with his willingness to act when required, do not constitute a contract between the parties fixing the plaintiff's compensation as secretary at $40 per month.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.