[Civ. No. 968.   Second Appellate District.—October 23, 1911.]

HENRY BLAEHOLDER, Respondent, v. SALLIE KNOX
GUTHRIE, as Executrix of Will of J. E. GUTHRIE,
Deceased (Substituted for J. E. GUTHRIE), Appellant.

LEASE OF RANCH FROM LIFE TENANT—DEATH OF LIFE TENANT AFTER
MATURITY OF UNGATHERED CROP—RIGHT OF LESSEE TO EMBLE-
MENTS.—Where the lessee of a ranch from a life tenant for a share
of one-half the crop had done all of the labor upon the crop for
the preceding year, which had matured, and was ready to gather
at the death of the life tenant, the lessee is entitled, as against
the remainderman, to his one-half share of the gathered crop, by
what is termed the doctrine of emblements, the basis of which is
the assuring to the life tenant the compensation for his labor, and
the encouragement of husbandry, as a matter of public policy.

ID.—CONSTRUCTION OF LEASE BY REMAINDERMAN BEFORE GATHERING OF
CROP.—The subject of a lease for the following year, executed
by the remainderman and dated over a month before the gathering
of the matured crop under the lease from the life tenant, which
by its terms expired thereafter, which new lease extended according
to custom from May 1st to May 31st of the following year, did not
include the previous crop then matured and subsequently gathered
by the lessee of the tenant for life, but only included the crop
for the subsequent year, of which the lessee is entitled to one-half.
The contract cannot be so interpreted as to deprive the plaintiff
of any compensation for labor performed by him in the care and
cultivation of the orchard leased.

ID.—ACTION TO RECOVER SHARE OF CROP FOR SUBSEQUENT YEAR—DE-
FENSE THAT LEASE WAS FOR PRIOR CROP—EVIDENCE—PROPER RUL-
INGS.—In an action by the lessee of the remainderman to recover
one-half of the crop for the subsequent year, where the defense
was that the contract of lease related only to the crop of the pre-
vious year picked in June following the lease from the remainder-
man, it was not error to overrule objections of the defendant to
questions relating to plaintiff's possession and occupancy of the crop
for the previous year under the lease given him by the life tenant,
urged on the ground that such questions were outside of the issues.

ID.—EVIDENCE TO REMOVE UNCERTAINTY OR AMBIGUITY.—If there was
any uncertainty or ambiguity in the contract, or in the application
of the same, it was competent for the plaintiff, in aid of its
interpretation, to show the situation of the parties and the sur-
rounding circumstances as they existed when the contract was made.
It was proper for the court to allow evidence that the plaintiff
was in possession of the premises from the time that the crop

of oranges under the life tenant was set until the time when they were picked.

ID.—LANGUAGE OF COURT IN RULING UPON EVIDENCE NOT IMPROPER. The language of the court in overruling the objections to plaintiff's evidence and in stating the right of plaintiff to show the condition under which the first crop of oranges was made, that "it certainly cannot be that this plaintiff should be required to be content with accepting and receiving a crop he was already entitled to at the time of making the lease, unless there is some stipulation or understanding by the lease that that was to be so," was proper and embodied a correct statement of the law, and could not constitute misconduct.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

F. O. Daniel, for Appellant.

Clyde Bishop, and Williams & Rutan, for Respondent.

SHAW, J.—On May 1, 1908, plaintiff and J. E. Guthrie, defendant's testator, entered into a written contract of lease whereby plaintiff was to take care of defendant's ranch, and in consideration of the performance of certain covenants on plaintiff's part, as provided in the contract, defendant was to sell the oranges and walnuts grown thereon and pay plaintiff fifty per cent of the net proceeds of such sales, it being provided that plaintiff should continue in possession of the property and care for the same, subject to the termination at the will of either party of the relations so created.

Plaintiff's possession of the property under the terms of the contract covered the period from May 1, 1908, to May 31, 1909, when, pursuant to notice given by Guthrie requesting him so to do, he removed therefrom. At the time of his removal there was a crop of Valencia oranges, consisting of 1,077 boxes, ripe and matured, and which were picked in the month of June following his removal, and which Guthrie sold and received therefor the sum of $1,186.36. The action was brought upon the contract to recover fifty per cent of this sum. A jury trial was had, with the result that a ver-

dict was rendered in favor of plaintiff for one-half of the proceeds from the sale of the Valencia oranges, and also for the amount of another item as to which there appears to be no controversy on this appeal. From the judgment entered upon this verdict, and an order denying a motion for a new trial, defendant appeals.

It appears that on May 1, 1908, when plaintiff and Guthrie made the contract, the crop of oranges grown the preceding year, during which period plaintiff occupied the property under a lease in like terms given him by Guthrie's father who held a life estate therein, although matured and ready to harvest, had not been gathered; that it was thereafter gathered and plaintiff received one-half of the proceeds of the sale thereof. It is appellant's contention that the oranges grown on the ranch and which Guthrie, as provided in the contract, was to sell and pay one-half of the proceeds thereof to plaintiff, had reference to the then existing crop grown and produced by plaintiff the preceding year under the lease from the owner of the life estate in the property, and not to the crop which was grown and produced during the year that plaintiff was in possession of the property as a tenant of Guthrie. We cannot assent to this contention. The existing crop had been produced by plaintiff under the terms of the lease for the preceding year. At the time of executing the lease, May 1, 1908, it was matured and ready to harvest and was picked in June. The death of the holder of the life estate did not deprive the tenant of his right to the crop, the production of which was the result of his year's labor. This by reason of what is termed "the doctrine of emblements," the basis of which is "the justice of assuring to the tenant compensation for his labor, and also upon the desirability of encouraging husbandry as a matter of public policy." (Tiffany's Landlord and Tenant, sec. 251.) "If a life tenant, after making a lease, dies before the end of the term thereby created, the lessee is entitled to take the crops as against the remainderman." (Sec. 251, *supra.*) And the same is true where a tenancy at will is terminated by the death of the holder of the life estate. Plaintiff was the owner and entitled to one-half of the existing crop grown by him in the years 1907 and 1908 as lessee of the life tenant. This being

true, it must follow that the subject of the contract made May 1, 1908, with defendant's testator, was the crop to be grown the year following the making of the lease, one-half of the proceeds from the sale of which was the subject of the action. To hold otherwise would be to place an interpretation upon the contract, the effect of which would deprive plaintiff of any compensation for the labor performed by him in the care and cultivation of the orchard.

At the trial, the defendant interposed objections to certain questions touching the possession and occupancy of the property by plaintiff under the lease given him by the life tenant, claiming that the same were outside the issues. The objections were overruled. · There was no error in the rulings, for the reason that the defendant based his defense upon a claim that the crop picked in June, and which had been grown the preceding year, was the one to which the contract had reference. It was, therefore, competent for the plaintiff to show that he was the owner of this crop, having produced the same while in possession of the property under the leave given him by Guthrie's father. If there was any uncertainty or ambiguity in the contract, or the application of the same, it was competent in aid of its interpretation to show the situation of the parties and the surrounding circumstances as they existed when the contract was made. (*Preble* v. *Abrahams,* 88 Cal. 245, [22 Am. St. Rep. 301, 26 Pac. 99].)

With reference to the crop of oranges produced in the years 1907 and 1908, plaintiff was asked: "Were you in possession of the premises from the time that crop of oranges set until the time they were picked?" To this question defendant interposed an objection. In overruling the objection, the court stated: "It is so conclusive to the court that the position of counsel for plaintiff is correct that I will have to overrule this objection and permit counsel for plaintiff to show the condition under which the first crop of oranges was made. It certainly cannot be that this plaintiff should be required to be content with accepting and receiving a crop he was already entitled to at the time of making the lease, unless there is some stipulation or understanding by the lease that that was to be so." It is claimed that the statement so made by the court constituted misconduct on its part. What we

have said in regard to the interpretation to be given the con-
tract, and the subject to which the contract applied, suffi-
ciently answers appellant's contention in this regard. More-
over, as the language of the court embodied a correct state-
ment of the law, we are unable to perceive wherein the same
constituted misconduct.

There are other alleged errors, but an examination of the
same convinces us that they merit no discussion.

The judgment and order appealed from are affirmed.

Allen, P. J., and James, J., concurred.