[Sac. No. 1937. Department Two.—September 24, 1912.]

JAMES P. MASSIE, Appellant, v. A. CHATOM, Respondent.

REAL ESTATE BROKER—RIGHT TO COMMISSION—COMMISSION WHEN EARNED.—Under an agreement to pay a real estate broker a commission for his services in "introducing a purchaser and effecting a sale" of certain real estate, the broker is not entitled to his commission unless he has either procured a valid contract to purchase, which can be enforced by the vendor if his title is perfect, or, if he does not procure such contract, unless he has brought the vendor and the proposed purchaser together, so that the vendor may secure such a contract, unless he is willing to trust to an oral agreement.

ID.—READINESS TO PURCHASE—CONTRACT OF PURCHASE.—The readiness and willingness of a person to purchase the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a contract binding him to purchase, or has offered to the vendor, and not merely to the broker, to enter into such contract, he cannot be considered a purchaser.

ID.—ACTION FOR COMMISSION—EVIDENCE TO EXPLAIN APPARENT CONTRACT OF PURCHASE—MUTUAL MISTAKE.—In an action by the broker to recover his commission, parol evidence is admissible to show that a written agreement between the vendor and the proposed purchaser, although in form a contract for the purchase and sale of the property, was not intended as such, but was a mere memorandum of price to be used in future negotiations, and was executed as the result of the mutual mistake of the parties.

ID.—PAROL EVIDENCE VARYING WRITTEN CONTRACT—RULE APPLICABLE ONLY BETWEEN PARTIES.—The rule excluding parol evidence which

tends to vary or contradict a written contract applies only in actions between the parties thereto or their privies.

ID.—OPTIONAL CONTRACT OF PURCHASE.—One who enters into a mere optional contract to purchase, and subsequently fails to exercise the option, is not a purchaser within the meaning of the foregoing rules.

ID.—NOTES GIVEN FOR COMMISSION—FAILURE OF CONSIDERATION—LAPSING OF OPTION.—In an action to enforce the collection of certain promissory notes which had been given the broker for his commission at the time such optional contract of purchase was executed, parol evidence is admissible to show a total failure of consideration due to the lapsing of the option.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order refusing a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, W. H. Hatton, J. E. Foulds, Frank Shay, and J. W. Hawkins, for Appellant.

P. H. Griffin, Olney, Pringle & Mannon, and J. M. Mannon, Jr., for Respondent.

HENSHAW, J.—This action was brought to enforce the payment of two promissory notes, each for four thousand dollars, which notes were given by defendant to plaintiff. Plaintiff is a real estate agent, and was the agent of defendant for the sale of the latter's ranch. Defendant, a farmer and the owner of the ranch, entered into a written contract with plaintiff agreeing to pay him a commission for his services in "introducing a purchaser and effecting a sale" of defendant's Lakeview Ranch. Plaintiff brought to defendant as intending purchasers Louis Bartlett and George J. G. Marsily. In conversation it developed that Bartlett and Marsily were not themselves financially able to purchase the ranch, but desired an option upon it, hoping to interest European investors and through them to secure the funds to make the purchase. In the negotiations had between plaintiff, defendant, and these prospective purchasers the discussion turned upon the price at which defendant would sell his ranch. A price of twelve dollars and fifty cents per acre and one thousand dollars added was agreed upon. By the time the discussion had

reached this point the hour had grown late and it was agreed to postpone further negotiations until the next day. Before separating, and solely to avoid discussion upon the question of price when the negotiations were again resumed, a preliminary memorandum was drawn up by Bartlett at plaintiff's suggestion. This memorandum is as follows:—

"San Francisco,
"Dec. 23rd, 1904.

"It is hereby agreed that the Chatom Ranch in Stanislaus Co., consisting of about eight thousand acres, is this day sold to George J. G. Marsily and Louis Bartlett for the sum of twelve and 50/100 dollars ($12.50) per acre and the further sum of one thousand dollars, payable $10,000 when the title to said property has been found to be good and merchantable, thirty thousand dollars July first, 1905, balance in two annual payments of equal size, due respectively July 1, 1906, and July 1, 1907. Seller to assume the commission of J. P. Massey.

"A. Chatom
"George J. G. Marsily
"Louis Bartlett
"J. P. Massie."

No copies or duplicates were made of this memorandum which was taken by Chatom, by him intrusted to plaintiff and by the plaintiff produced at the trial. On the following day the same persons met at Bartlett's office in San Francisco pursuant to agreement. Their conversation and negotiations resulted in an option contract in which Chatom acknowledged the receipt of five hundred dollars on account of the purchase price of his ranch, and granted Bartlett and Marsily ninety days within which to make further payment. Provision was made for the furnishing of abstracts by Chatom, to be examined by Bartlett and Marsily, and for partial payments of the purchase price at times stated. There was nothing, however, in the option which made it obligatory in any way upon Bartlett and Marsily or either of them to purchase the ranch. After this option agreement was signed, Massie took Chatom into an adjoining room and asked him to sign the two promissory notes here in suit, representing eight thousand dollars commission on the sale of the ranch. Chatom declined to sign the notes on the ground that the commission had not been

earned. He asked Bartlett's advice whether to sign or not and Bartlett declined to advise him. Massie then told Chatom that he need have no hesitation about signing the notes, that he would never have to pay them unless the sale went through.

In reliance upon this statement Chatom signed the notes. The five hundred dollars paid by Bartlett and Marsily for the option was immediately given by Chatom to Massie, and this five hundred dollars explains the payment of five hundred dollars indorsed upon one of these notes. In February, 1905, Bartlett notified Chatom that he and his associate would proceed no further under their contract, and the option thus lapsed. Following defendant's refusal to pay the promissory notes this action was brought. The findings follow the statement of facts above set forth, and judgment was given in favor of defendant under his defense of want of consideration. Plaintiff appeals from the judgment and from the order denying his motion for a new trial.

The evidence not only supports the findings of the court, but it is overwhelmingly in favor of those findings, the evidence of Bartlett, Marsily, and Chatom, the real parties to the option agreement and to the agreement preceding the option agreement, being all to the same effect. Thus, they are all agreed that the contract of December 23d, above quoted, was never meant or understood to be a completed contract of purchase and sale, or anything more than a memorandum of the selling price of the ranch, which memorandum was to obviate the necessity of further discussion upon that subject when they resumed the next day their negotiations as to terms. Moreover, it appears from the testimony of all of them that it was distinctly understood that Bartlett and Marsily. not having the financial ability so to do, could not and would not engage to purchase the ranch, but did desire to secure an option upon it in the hope of interesting European capital in the purchase. It is further in evidence that the suggestion as to the memorandum of December 23d, came from Mr. Massie himself.

Appellant's propositions upon appeal may be thus summarized. He contends: 1. That he fulfilled all the conditions of his agency so as to entitle him to the agreed commissions,— namely: that he produced a purchaser willing and able to purchase the property, who entered into a contract of purchase

with the owner satisfactory to the owner himself; and 2. That the defense of no consideration of the promissory notes is not in truth a defense of no consideration, but is an unwarranted effort by parol to vary the terms of a written contract. Neither of these positions, however, is well taken. The duties of a real estate agent under such a contract as the one under consideration are well settled in this state and well defined by such cases as *Gunn* v. *Bank of California,* 99 Cal. 349, [33 Pac. 1105], and *Mattingly* v. *Pennie,* 105 Cal. 514, [45 Am. St. Rep. 87, 39 Pac. 200]. In the former case it is said: "The contract of the broker is to negotiate a sale; that is, to procure a valid contract, to purchase, which can be enforced by the vendor if his title is perfect; or if he does not procure such contract to bring the vendor and the proposed purchaser together, that the vendor may secure such a contract, unless he is willing to trust to an oral agreement." In the latter case it is said: "The readiness and willingness of a person to purchase the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a contract binding him to purchase, or has offered to the vendor, and not merely to the broker, to enter into such contract, he cannot be considered a purchaser." Appellant insists that the contract of December 23d, and the contract of December 24th, each and both were valid, enforceable contracts of purchase, as well as valid, enforceable contracts of sale, and that therefore he had performed all of his duties and was not obliged to wait for his compensation until the actual consummation of the sale. The premises being granted, the conclusion is irresistible. But the difficulty is that the findings of the court are wholly against him. Conceding that in its terms the contract of December 23d, is sufficiently explicit as a contract of purchase and sale under such authorities as *Preble* v. *Abrahams,* 88 Cal. 245, [22 Am. St. Rep. 301, 26 Pac. 99], and *King-Keystone Oil Co.* v. *San Francisco Brick Co.,* 148 Cal. 87, [82 Pac. 849], the answer to this is that by the testimony of all the parties to it it was not intended to be a contract of sale, but a mere memorandum of price, to be used in future negotiations. To this the vendor upon the one hand and the vendees upon the other are in full accord. The result therefore is that if the contract in terms is more than such a memorandum, it is the result of the mutual mistake of the

parties, and neither could in honesty have gone before a court to enforce it according to its terms. It would have been subject at once to reformation because of the mutual mistake. And in this case these facts were susceptible of proof by parol, since the mistake was mutual and also because the rule excluding parol evidence which tends to vary or contradict a written contract applies only in actions between parties thereto or their privies. Marsily was in no sense a party to this contract. (Code Civ. Proc., sec. 1856; *Dunn* v. *Price,* 112 Cal. 46, [44 Pac. 354]; *Bickerdike* v. *State,* 144 Cal. 681, [78 Pac. 270].) With far less force does the argument of appellant apply to the option contract of December 24th. From its terms this was a unilateral contract of sale. It was a mere option to Bartlett and Marsily to purchase within a limited time upon agreed terms, without attempting in any way to bind them to make the purchase.

Up to this point it appears that appellant did not secure a purchaser who did enter or was willing to enter into a contract with the defendant for the purchase of the land. The utmost that he did was to secure for defendant persons who took from plaintiff an option to purchase, not enforceable against the intending vendees. Up to this point, therefore, the consideration for the notes had wholly failed. It may be conceded, without deciding the question, that if the option had been exercised and the purchase under it completed, plaintiff would have been in a position to enforce the collection of the promissory notes as representing his commissions on the sale. But with the lapsing of the option all consideration for the promissory notes failed utterly. There is no parallelism between the case thus presented and that of *Carver* v. *San Joaquin Cigar Co.,* 16 Cal. App. 572, [118 Pac. 91], upon which appellant relies. In the latter case full recognition is made of the indisputable legal proposition that oral evidence is admissible to impeach the consideration of a promissory note and, as has been said, the evidence in this case establishes a total failure of consideration. But it is held, and properly held, by the court of appeal that a valid consideration for the promissory note there in suit was established by a showing of a pre-existing indebtedness and the effort really made was to avoid the obligation of the note, not for failure of consideration, but because of the breach of a

contemporaneous oral agreement totally at variance with the terms of the note itself.

No other matters call for special consideration.

For the reasons given the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.