[Civ. No. 2474. Third Appellate District.—July 17, 1922.]

## CALIFORNIA DRILLING AND MACHINERY COMPANY (a Corporation), Respondent, v. C. L. CROWDER et al., Appellants.

[1] CONTRACT — DRILLING OF WELLS — SILENCE AS TO TIME OF PERFORMANCE—PAROL EVIDENCE.—Where a written contract to furnish the material and drill certain wells was silent as to the time when

---

Admissibility of parol evidence to vary, add to, or alter a written instrument, note, 17 L. R. A. 270.

Supplementing written contract by proof of collateral oral agreement, notes, 2 Ann. Cas. 146; Ann. Cas. 1914A, 454.

the work was to be finished, a reasonable time was allowable under section 1657 of the Civil Code, and parol evidence was not admissible to show an agreement that the work was to be performed within a particular time.

APPEAL from a judgment of the Superior Court of Butte County., H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Freeman for Appellants.

C. D. McComish for Respondent.

BURNETT, J.—The action was for the recovery of the sum of $2,900, claimed to be due on a contract in writing executed March 30, 1920, whereby plaintiff agreed to furnish the material and drill certain wells for defendant for the consideration and under the conditions therein specified. The judgment was in favor of plaintiff for the sum of $2,514, from which the appeal is taken.

Appellants declare: "The question that is presented on this appeal arises from the rulings of the trial court rejecting certain evidence offered by counsel for defendants, which tended to show that when the contract between plaintiff and defendants was entered into, a collateral oral agreement was entered into between them, by which the plaintiff became bound to complete its contract not later than May 1, 1920." The importance of the ruling is disclosed by the fact that the work was not completed until July, and it is claimed by appellants that thereby they suffered great damage by reason of having been deprived of a water supply for their rice crop. It appears that appellants desired to have this limitation of time embodied in the written contract, but respondent refused to so incorporate it. However, the claim is, that there was an oral contract to that effect, and evidence was offered and received in its support, but afterward stricken out by the court.

Appellants contend for the application of the rule that "parol evidence is admissible as to a collateral agreement upon which the main writing is silent, and which does not purport to affect the terms of the instrument . . . and

when the evidence offered or the oral agreement sought to be proved is not inconsistent with the terms embodied in the instrument.'' To the contrary, respondent claims that said oral contract is entirely inconsistent with the written instrument. To show this, it is pointed out that the defendants had several options, which, if exercised, would render the contract impossible of fulfillment by May 1st, or any other fixed date. For instance, the written contract gave defendants the privilege of going as far below one hundred feet as they might see fit in their search for water. ''This one option alone,'' so says respondent, ''makes defendants' alleged oral agreement absolutely irreconcilable with the written contract.''

Again, defendants could stop the work at any time to pump out sand, and the testimony showed they actually spent five days of the month in thus getting rid of the sand. No one could anticipate how much time would be required for this purpose. The defendants also had the right to determine whether they would have one well or three wells, and at the time of the execution of the contract it was not known, of course, how many they would choose. An additional option was the right to have the location of the wells changed, and it seems that, acting under the advice of a certain ''water witch,'' named Cofer, they changed the location of both wells, one of them after it was down thirty feet, requiring the work to be started over again, including the taking down, moving, and setting up of the rigs.

These considerations certainly furnish strong reasons in support of the theory that there was no such agreement to finish the work within a month after the contract was executed, but we need not decide that such time limitation would be so repugnant to the written terms as to bring it within the rule forbidding parol evidence ''to vary or contradict the terms of a written instrument,'' as we are of the opinion that the case is governed by the principle contained in section 1657 of the Civil Code, as follows: ''If no time is specified for the performance of an act required to be performed, a reasonable time is allowed.'' This court had occasion to give to the subject very careful attention in the case of *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 750 [103 Pac. 938], wherein the supreme court

denied a rehearing. Therein it was said: "It is a well-settled principle that that which is implied by law becomes as much a part of the contract as that which is therein written, and if the contract is clear and complete when aided by that which is imported into it by legal implication, it cannot be contradicted by parol in respect of that which is implied any more than in respect of that which is written." Therein an option was given to purchase, which was silent as to the time for acceptance, and it was held that proof of an oral agreement as to the time was inadmissible. The decisions of the supreme court upon the subject are specifically reviewed, and while it was pointed out that some of them contain expressions apparently inconsistent therewith, it was declared that "where the law fixes the time of performance, parol evidence of some other definite time is inadmissible as varying the written instrument."

In 17 Cyc. 570 the rule is stated as follows: "The legal effect of a written instrument, even though not apparent from the terms of the instrument itself, but left to be implied by law, can no more be contradicted, explained, or controlled by parol or extrinsic evidence than if such effect had been expressed. Thus where no time of performance is specified in a contract the legal effect is that it is to be performed within a reasonable time, and parol evidence is not admissible to show an agreement that it shall be performed at a particular time."

In 10 R. C. L. 222 we find the following: "When a writing upon its face, imports to be a complete expression of the whole agreement and contains thereon all that is necessary to constitute a contract, it is presumed that the parties have introduced into it every material item and term, and parol evidence is not admissible to add another term to the agreement, although the *writing* contains nothing on the particular item to which the parol evidence is directed."

[1] Various decisions are cited by both parties in support of their respective contentions, and it must be admitted that some conflict in the authorities exists, but the weight preponderates and the better reason operates in favor of the view that where the written contract is silent as to the time of performance and the law fixes a reasonable time in such cases, the statutory provision becomes a

part of the contract as though written therein, and parol evidence is inadmissible to change or vary it. In such instance the written agreement has a settled legal meaning as to time of performance, and it is presumed, of course, that this meaning was known to the parties and considered by them in the execution of the contract.

We may add that *Whittier* v. *Home Sav. Bank,* 161 Cal. 311 [119 Pac. 92], and *Blaeholder* v. *Guthrie,* 17 Cal. App. 297 [119 Pac. 524], decided since the Standard Box Co. case, *supra,* are entirely dissimilar to the case at bar. In the former, parol evidence was held to be admissible to show an agreement to repay to certain assignees, who had taken assignments of a part of the contract to secure advances to the contractor, the sum of two thousand six hundred dollars from the first collections under the written contract for the improvement of certain streets, the written instrument being silent as to such matter and its terms not being affected by said parol agreement. Not only was the written contract incomplete in that respect, but there was no provision of law that supplied the omission, and the supreme court properly held that the case fell within the principle announced in *Savings Bank of Southern California* v. *Asbury,* 117 Cal. 103 [48 Pac. 1083], as follows: "The rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument."

In *Blaeholder* v. *Guthrie, supra,* the parol evidence was admitted to show the particular crop to which the written contract related, the written instrument being uncertain in that respect. It was said by the court of appeal for the second district: "If there was any uncertainty or ambiguity in the contract, or the application of the same, it was competent in aid of its interpretation to show the situation of the parties and the surrounding circumstances as they existed when the contract was made," citing *Preble* v. *Abrahams,* 88 Cal. 245 [22 Am. St. Rep. 301, 26 Pac. 99].

In view of the considerations to which we have adverted, we think there was no uncertainty or ambiguity in the contract herein, the parties having impliedly agreed that plain-

tiff should have a reasonable time in which to complete the work.

As we view the foregoing decisive of the controversy, we need not consider the further contention of respondent that appellants must fail at any rate because they did not show that they suffered any damage by the delay.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.