[Civ. No. 542. Fourth Appellate District.—November 6, 1933.]

W. M. AVIS et al., Appellants, v. J. G. REBHAN, Respondent.

Allard, Stead & Whyte for Appellants.

W. E. Byrne and Frank T. Bates for Respondent.

MARKS, J.—This is an action by real estate brokers to recover a commission from respondent and Nellie I. Rebhan, his wife. A first trial resulted in a judgment in favor of the defendants, which was affirmed on appeal as to Mrs.

Rebhan and reversed as to her husband. The reason for the reversal may be found in the following quotation: "A different situation is presented by the instrument signed by defendant J. G. Rebhan and Mrs. Wagner on August 17th at the ranch. This instrument contains the elements necessary to constitute a binding contract for the sale and purchase of the property. The terms are clearly stated and the property sufficiently described. Manual delivery of the document to either party was not necessary. . . . The pleadings and the findings are silent on the question of the delivery of this instrument. No evidence was offered to show who retained possession of the instrument after it was signed; nor was evidence offered to show whether the parties left it with anyone with the understanding that it was binding and in effect. A new trial will be necessary to enable the trial court to make findings on the question presented by the agreement of August 17, upon the evidence to be presented and upon such amended pleadings, if any, as the parties may care to file in accordance with the views herein expressed. If it should be found that Mr. Rebhan and Mrs. Wagner signed the instrument of August 17 with the understanding that it was in effect as a binding agreement, it would follow as a matter of law that plaintiffs are entitled to their commission under the theory that they procured a purchaser who was accepted by defendant J. G. Rebhan and who entered into a valid contract with him." (*Avis* v. *Rebhan,* 92 Cal. App. 178 [267 Pac. 898].)

Amended pleadings were filed putting in issue the instrument dated August 17, 1923, which is quoted at length in the former opinion of the District Court of Appeal and will not be repeated here. The case proceeded to the second trial upon the express understanding of both counsel and the trial court that the sole issue to be determined was the effect of this instrument. ▮ It is urged here for the first time that as the order of reversal of the judgment for J. G. Rebhan was general in its terms the cause was reversed in its entirety in so far as J. G. Rebhan is concerned. In view of the stipulation of counsel to the contrary at the time of the second trial, and the acceptance of this stipulation by the trial court, we have concluded that no other construction should be placed on the order of reversal of the

judgment for J. G. Rebhan on the former appeal than that put upon it at the time of the second trial.

It appears from the evidence of the appellant W. M. Avis that the instrument in question was written by him in the presence of J. G. Rebhan and Jennie L. Wagner, the purported purchaser, while in the road near respondent's property; that Mrs. Wagner gave him a draft for $500; that he took the instrument and the draft to his office in Pomona and cashed the draft on the next day; that he took the instrument and the money to the bank in Ontario where the document of October 20th, mentioned in the former opinion, was prepared and signed.

Respondent and Mrs. Wagner were both positive in their testimony that the instrument of August 17, 1923, was intended to serve as evidence that Mrs. Wagner had paid the $500 and to give her an option to enter into a formal contract of purchase of the property, and that it was not intended as a binding contract whereby either party could compel the other to buy or sell the property. The trial court found in accordance with this testimony.

These facts bring the case within the rule announced in *Massie* v. *Chatom,* 163 Cal. 772 [127 Pac. 56]. There it appears that the following contract had been executed: "San Francisco, Dec. 23rd, 1904. It is hereby agreed that the Chatom Ranch in Stanislaus Co., consisting of about eight thousand acres, is this day sold to George J. G. Marsily and Louis Bartlett for the sum of twelve and 50/100 dollars ($12.50) per acre and the further sum of one thousand dollars, payable $10,000 when the title to said property has been found to be good and merchantable, thirty thousand dollars July first, 1905, balance in two annual payments of equal size, due respectively July 1, 1906, and July 1, 1907. Seller to assume the commission of J. P. Massey. (Signed) A. Chatom; George J. G. Marsily; Louis Bartlett; J. P. Massie." The plaintiff brought suit to recover a commission for the sale of the property. In affirming a judgment against him the Supreme Court said: "Appellant insists that the contract of December 23d and the contract of December 24th each and both were valid, enforceable contracts of purchase, as well as valid, enforceable contracts of sale, and that therefore he had performed all of his duties and was not obliged to wait for his compensation until the actual consummation of the sale. The premises being granted,

the conclusion is irresistible. But the difficulty is that the findings of the court are wholly against him. Conceding that in its terms the contract of December 23d is sufficiently explicit as a contract of purchase and sale under such authorities as *Preble* v. *Abrahams,* 88 Cal. 245 [26 Pac. 99, 22 Am. St. Rep. 301], and *King-Keystone Oil Co.* v. *San Francisco Brick Co.,* 148 Cal. 87 [82 Pac. 849], the answer to this is that by the testimony of all the parties to it it was not intended to be a contract of sale, but a mere memorandum of price, to be used in future negotiations. To this the vendor upon the one hand and the vendees upon the other are in full accord. The result, therefore, is that if the contract in terms is more than such a memorandum, it is the result of the mutual mistake of the parties, and neither could in honesty have gone before a court to enforce it according to its terms. It would have been subject at once to reformation because of the mutual mistake. And in this case these facts were susceptible of proof by parol, since the mistake was mutual and also because the rule excluding parol evidence which tends to vary or contradict a written contract applies only in actions between parties thereto or their privies. Marsily was in no sense a party to this contract. (Code Civ. Proc., sec. 1856; *Dunn* v. *Price,* 112 Cal. 46 [44 Pac. 354]; *Bickerdike* v. *State,* 144 Cal. 681 [78 Pac. 270].) With far less force does the argument of appellant apply to the option contract of December 24th. From its terms this was a unilateral contract of sale. It was a mere option to Bartlett and Marsily to purchase within a limited time upon agreed terms, without attempting in any way to bind them to make the purchase.''

In the instant case, in view of the testimony of both respondent and Mrs. Wagner that the instrument of August 17, 1923, was only intended to serve as a receipt for the $500 and an option, and the holding in *Avis* v. *Rebhan,* 92 Cal. App. 178 [267 Pac. 898], that the subsequent instruments signed by the parties were not enforceable, neither could maintain an action against the other to compel the sale or purchase of the property. Under these circumstances the agents could not recover their commission. (*Mattingly* v. *Pennie,* 105 Cal. 514 [39 Pac. 200, 45 Am. St. Rep. 87].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.