[No. 15025.   Department Two. — August 30, 1893.]

# W. J. TOWLE, Respondent, *v.* THE CARMELO LAND AND COAL COMPANY, Appellant.

Vendor and Purchaser — Contract of Sale — Description of Land — Extrinsic Evidence — Specific Performance. — The subject-matter of an agreement for the sale of land must all be included in the memorandum, and be described with sufficient exactness to render its identity certain upon the introduction of extrinsic evidence disclosing the situation of the parties; but if, upon reading the contract in the light of the facts shown by such extrinsic evidence, it appears clear what land the vendor intended to convey and the vendee intended to purchase, the description will be deemed sufficiently certain, and the contract will be specifically enforced.

Id. — Description of Part of Rancho — Pleading — Evidence. — The description in a contract for the sale of land, by which the grantors of the defendant agreed to convey to plaintiff all that portion of a rancho in his occupation and possession on a certain date, is sufficiently certain, and in an action for the specific performance of such agreement the plaintiff may allege and prove the specific boundaries of the land thus generally described, and that no part of it was within the description of lands excepted from the agreement.

Id. — Contract with Distinct Parties — Action for Specific Performance — Parties — Non-joinder. — Where the contract which is the basis of an action for specific performance shows upon its face that it was as between defendant's grantors and each of the other persons signing it, a separate and distinct contract, entitling each person to purchase that part of a rancho of which he was in possession at a specified date, it is not necessary for one in possession of a specific part to join the possessors of other parts as parties defendant in an action to enforce specific performance of the distinct contract with the plaintiff, or to join any other parties to the contract who do not appear to have an interest in the specific tract claimed by the plaintiff, and a demurrer for the non-joinder of such parties should be overruled.

Appeal from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*W. T. Baggett*, for Appellant.

*W. A. Kearney*, and *N. A. Dorn*, for Respondent.

De Haven, J. — Action to enforce the specific performance of an agreement for the conveyance of land forming a part of the Rancho San Jose y Sur Chiquito. The superior court gave judgment in favor of plaintiff in accordance with the prayer of the complaint, and the defendant appeals. The appeal is upon the judgment roll alone, and this contains no bill of exceptions. The only grounds urged for a reversal of the judgment which we deem necessary to notice in this opinion arise upon the face of the complaint.

1. The contract which is the subject of this action was entered into between the grantors of defendant as parties of the first part, and the plaintiff and several other named persons parties of the second part, and, so far as necessary to be here stated, is as follows:—

"This memorandum of agreement . . . . witnesseth that the parties of the first part covenant and agree with all of the parties of the second part, that upon the confirmation of the title to said rancho they will convey to the said several parties of the second part the land within the limits of said rancho, and in occupation and possession of each of said parties on the first day of July, 1881, in severalty, at the rate of one dollar and a quarter per acre; provided . . . . that coal lands and also lands within a mile of the bay or landing known as the Emery and Bassett or Stone Quarry Landing, are not included in this agreement."

It is claimed by the defendant that the description of the land agreed to be conveyed is so uncertain that the contract is not one which can be specifically enforced by a court of equity. The rule is of course a familiar one that the subject-matter, the particular land to be conveyed, is an essential term in every agreement for the sale of land, and unless this subject-matter is so described that it can be identified, a court of equity will not undertake to enforce it; but while this is so, it is equally well settled that the description need not be so clear and precise as to make a resort to extrinsic evidence unnecessary. (Pomeroy on Contracts, sec. 90.) This learned author, in the section just cited, says: "The subject-matter of the agreement must all be included in the memorandum, and must be described with sufficient exactness to render its identity certain upon the introduction of extrinsic evidence simply disclosing the situation of the parties at and immediately before the time of making the contract." If, upon reading the contract in the light of the facts shown by such extrinsic evidence, it appears clear what land the vendor intended to convey and the vendee intended to purchase, the description will be deemed sufficiently certain. This proposition is forcibly illustrated in the cases of *Preble* v. *Abrahams*, 88 Cal. 245; 22 Am. St. Rep. 301, and *Mead* v. *Parker*, 115 Mass. 413; 15 Am. Rep. 110, and many others might be cited to sustain it.

In *Preble* v. *Abrahams* the land mentioned in the agreement to convey was described simply as "forty acres of the eighty-acre tract at Biggs." The court held this description sufficiently definite, aided as it was in that case by parol evidence showing the situation of the parties at the time of making the contract, and other surrounding circumstances in view of which the contract was made. In its opinion, delivered by the late Mr. Justice Sharpstein, the court in that case said: "We think the evidence makes the subject-matter sufficiently certain, and that is all that is necessary. Professor Pomeroy says: 'It is not strictly accurate to say that the subject-matter must be absolutely certain from the writing itself, or by reference to some other writing. The true rule is that the situation of the parties and the surrounding circumstances when the contract was made can be shown by parol evidence, so that the court may be placed in the position of the parties themselves; and if *then* the subject-matter is identified and the terms appear reasonably certain, it is enough.' (Pomeroy on Contracts, p. 247, note.)"

In *Mead* v. *Parker*, 115 Mass. 413; 15 Am. Rep. 110, the court held the following writing sufficiently definite in its description of the property agreed to be conveyed, when read in connection with the parol evidence received upon the trial of that case:—

"Boston, December 17, 1872.

"This is to certify that I, Jonas Parker, have sold to Franklin Mead a house on Church Street for the sum of fifty-five hundred dollars; and in payment said Mead assumes the mortgage of twenty-nine hundred dollars and pays cash one hundred dollars; balance bill of sale of a steam engine and crushing machine, and trucks and railway, and all the implements in the building; and also the building in which the said machinery and tools now with the same; and papers necessary to convey above to be made and passed on or before 25th December, 1872."

In passing upon the objection that this contract was void because of uncertainty in the description of its subject-matter, the court said: "The most specific and precise description of the property intended requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation

of the parties, and of their relation to each other and to the property as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements, is settled by the uniform current of authorities."

In the contract set out in the complaint in this action, the defendant's grantors agreed to convey to plaintiff all that portion of the San Jose y Sur Chiquito rancho in his occupation and possession on the first day of July, 1881. Upon the face of this agreement there is no uncertainty as to what land is to be conveyed, and nothing to suggest that there could be any difficulty in showing by parol evidence the exact location and particular boundaries of the land in the occupation and possession of plaintiff on the day mentioned. This general description is, therefore, sufficient, and it was competent for the plaintiff in the action for the specific performance of such agreement to allege, as he did in his complaint, and prove by extrinsic evidence, the particular boundaries of the land thus generally described, and that no portion of the land within such boundaries was excepted from the agreement by reason of being coal land, or within a mile of the bay or landing known as the Emery and Basset or Stone Quarry Landing.

2. The defendant further contends that there was a defect of parties defendant, because all the parties named in the contract upon which plaintiff sues were not made parties to the action; and this was one of the grounds upon which defendant demurred to the complaint.

There was no error in overruling the demurrer thus interposed. The contract, which is the foundation of this action, shows upon its face that it was, as between defendant's grantors and each of the other persons signing it, a separate and distinct contract. Each party was to be entitled to the particular tract of which he was in occupation on July 1, 1881, and it does not appear from the complaint that either of the other persons who signed the contract sued upon were, on that

date, in possession of any part of the particular tract now claimed by plaintiff in this action, or that either of them asserts any right, under that contract, to a conveyance of any portion of such land; and, this being so, it cannot be said that the complaint shows upon its face any defect of parties defendant.

There are other points made in the brief of counsel, but we do not deem it necessary to particularly discuss them.

Judgment affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.