[Civ. No. 1160. Third Appellate District.—October 8, 1913.]

S. B. HINES, Appellant, v. M. E. COPELAND, Respondent.

STATUTE OF FRAUDS—CONTRACT TO CONVEY LAND—SPECIFIC PERFORMANCE—PLEADING.—A complaint, in an action for the specific performance of a contract to convey land, which does not show that the contract is in writing, fails to state a cause of action and is demurrable.

ID.—CONTRACT TO CONVEY LAND—SUFFICIENCY OF WRITING—DESCRIPTION OF PROPERTY.—A writing relied upon to satisfy the statute of frauds in case of a contract to convey land must not only describe the property, but the description must be such as to facilitate, without the necessity of resorting to extrinsic or parol evidence, a ready identification of the property.

ID.—RECEIPT—SUFFICIENCY AS MEMORANDUM OF CONTRACT.—The following receipt for money paid on account of the purchase price of land does not satisfy the statute of frauds and will not support an action for specific performance of the contract to convey: "Fresno, Cal., April 20, 1913. Received of S. B. Hines one hundred dollars, deposit on 40 acres of land at $2200.00. Mrs. M. E. Copeland."

ID.—SPECIFIC PERFORMANCE—CERTAINTY OF DESCRIPTION OF PROPERTY IN CONTRACT TO CONVEY.—Specific performance of an agreement to convey land will be decreed only where the land is so described in the contract that it may readily be identified from such description. The court must, in other words, be definitely made to know the precise property as to which the terms of the agreement are asked to be enforced. And such knowledge can be acquired only by those means or through that instrumentality prescribed by the law for the acquisition of such knowledge, that is, by and through such a writing as embraces all the essential features of the contract.

ID.—PART PERFORMANCE OF ORAL AGREEMENT—PART PAYMENT.—Mere payments on the purchase price are not sufficient to take an oral contract for the sale of land out of the statute of frauds. It is only where the payment is accompanied by a change of possession, or the expenditure of money on the land, on the faith of the oral agreement, and where the failure to perform by the vendor will work a gross fraud upon the vendee, that a court of equity will decree specific performance by compelling the execution of the deed.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Ernest Klette, for Appellant.

Drew & Drew, for Respondent.

HART, J.—This is an action for the specific performance of an alleged contract for the sale of real property.

The complaint alleges that, at the date of the execution of the alleged agreement, the defendant was the owner of one hundred and twenty acres of land situated in Fresno County, and described as "lots 21, 22, 23, 24, 25, and 26 of De Witt Colony, according to the map or plat of said colony on file and of record in the office of the county recorder of the county of Fresno, state of California"; that the defendant, on the twentieth day of April, 1911, agreed to sell and convey to the plaintiff, by a good and sufficient deed, "any forty acres of land that plaintiff should or might select, elect or choose to purchase, for the sum of $2,200," etc.; that thereafter, and on or about the same day, the plaintiff went to said land and "then and there chose, selected and elected" to purchase

lots 23 and 24 of the land above described, and that he at that time made known to the defendant the fact of his selection of said lots and his election to purchase the same according to the defendant's agreement; that thereafter and on the same day, the plaintiff paid to the defendant the sum of one hundred dollars on the purchase price of the lots so selected by him, and that the defendant "then and there made, executed, and delivered to said plaintiff a writing, signed by said defendant, in the words and figures following, to wit:

"Fresno, Cal. April 20, 1911.

"Received of S. B. Hines one hundred dollars, deposit on 40 acres of land at $2200.00.

"Mrs. M. E. Copeland."

The complaint states that, after the execution of the foregoing receipt, the plaintiff, at various times, made payments in small amounts, so that the total amount paid by the plaintiff to the defendant on the purchase price of the land is $393.30; that the defendant still retains said sum and has refused and still refuses to furnish the plaintiff with an abstract or certificate of title or a deed to the premises, although before the commencement of this action he demanded the same and tendered to the defendant the sum of $1806.70, the balance due on the purchase price.

To the complaint the defendant interposed a demurrer, both general and special, and the court sustained the same, leave to amend having been denied upon the statement of the plaintiff in open court that he had no other or further agreement in writing than the one set forth in his complaint.

Judgment was thereupon entered in favor of the defendant, and this appeal is by the plaintiff from said judgment.

The complaint fails to state a cause of action for the specific performance of a contract for the sale of real property and the demurrer was, therefore, properly sustained.

Section 1624 of the Civil Code, among other things, provides: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: . . . 5. For the sale of real property, or an interest therein." (See, also, Code Civ. Proc., sec. 1973.)

The agreement referred to in the third paragraph of the complaint is not shown to be in writing, and it follows that

that paragraph of the complaint wholly fails to state a cause
of action for the relief demanded. And nothing could be
clearer than that the writing set out in the complaint and upon
which the plaintiff seems solely to rely for the support of his
action does not satisfy the requirement of our statute of
frauds, above quoted. It does not contain a description of the
property to which it purports to relate, and thus it is wanting
in one of the first essentials of an agreement for the sale of
real property to render it valid or subject to recognition either
at law or in equity. Not only must there be a description of
the property which is the subject of the agreement, but the
description must be such as to facilitate, without the necessity
of resorting to extrinsic or parol evidence, a ready identifica-
tion of the property. As seen, the complaint declares that the
defendant is the owner of six different and distinct lots of land
situated in De Witt Colony, Fresno County, and that the forty
acres to which the plaintiff claims to be entitled to a deed, by
virtue of the alleged agreement of sale, is a part of said lots;
but, even if this be true, the writing upon which the demand
for the relief prayed for is founded does not so describe the
forty acres as to convey even the remotest notion as to which
of the several lots mentioned embrace or constitute the forty
acres. In other words, it cannot be determined from the
writing what particular forty acres the defendant agreed to
sell out of the several pieces of land which the complaint states
she owns in De Witt Colony. And, taking the writing by
itself, unexplained or unaided by the allegations setting forth
the oral negotiations of the parties, it cannot be told there-
from whether the land referred to therein is any part of the
six lots referred to. Indeed, so far as the writing itself dis-
closes any information as to its location, the land it refers
to may be situated in some other part of Fresno County, or,
for that matter, in some other county.

An action based upon such an agreement, whether it be one
at law for damages for its breach or one in equity for a specific
enforcement of its terms, cannot, of course, be sustained. The
remedy by specific performance, which is invoked in this case,
obviously means that, where an agreement to sell property has
been broken, the party seeking the remedy is entitled only to a
decree compelling the other party to convey to him the identical
or specific property which he agreed to convey, and that this

may be done, the land must in the very nature of the case, be so described in the agreement whose terms are thus sought to be enforced as that it may readily be identified from such description. The court must, in other words, be definitely made to know the precise property as to which the terms of the agreement are asked to be enforced. And such knowledge can be acquired only by those means or through that instrumentality prescribed by the law for the acquisition of such knowledge—that is, by and through such a writing as embraces all the essential features of the contract.

As is said in *Breckinridge* v. *Crocker,* 78 Cal. 529, 534, 535, [21 Pac. 179, 181] :

"In order to take a contract for the sale of land out of the statute of frauds, it is not necessary that there be a formal contract, drawn up with technical exactness. A memorandum of the agreement is sufficient, and it may be found in one or more papers, some or all of which may be telegrams. But the memorandum must contain all the material elements of the contract; that is, it must show who is the seller and who is the buyer, what the price is, and when it is to be paid, and must so describe the land that it can be identified."

There are many California cases in which the essentials of an agreement to sell real property, to take it out of the statute of frauds, are clearly pointed out and, we think, show that the one here is wholly insufficient to satisfy the statute. *Craig* v. *Zelian,* 137 Cal. 105, [69 Pac. 853], is instructive upon this proposition. There the writing pleaded and relied upon read, after the date: "Received of Wm. Craig and James Marlow the sum of $20.00, twenty dollars, in part payment for a strip of land in front of Golden Rule Store and Stent Market. The purchase price of said lot to be $150.00, one hundred and fifty dollars," signed by the defendant. The action was for damages for the breach of the contract. The court, holding that the writing was insufficient to take the case out of the statute of frauds because the description of the land was too vague and indefinite, said:

"An agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold, either in terms or by reference, that it can be ascertained without resort to parol evidence. Parol evi-

dence may be resorted to for the purpose of identifying the description contained in the writing with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated and supplying a description thereof which they have omitted from the writing. . . . The statute of frauds was originally enacted 'for the prevention of frauds and perjuries,' and an agreement for the sale of land is required to be in writing in order that this purpose may be accomplished. The whole object of the statute would be frustrated if any substantive portion of the agreement could be established by parol evidence. A description of the land intended to be conveyed is one of the most essential parts of the agreement, and must be contained in the writing.''

There are numerous cases from other jurisdictions which illustrate the application of the rule as it is stated and applied by the above California cases. (See *Reptii* v. *Maisak*, 6 Mackay (D. C.), 366; *Rollin* v. *Pickett*, 2 Hill (N. Y.), 552; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Miller* v. *Campbell*, 52 Ind. 125; *Taney* v. *Batchell*, 9 Gill. (Md.) 205; *Cooley* v. *Lobdell*, 82 Hun, 98, [31 N. Y. Supp. 202] ; *Murdock* v. *Anderson*, 57 N. C. 77; *Ives* v. *Armstrong*, 5 R. I. 567; *Humbert* v. *Brisbane*, 25 S. C. 506; *Nippolt* v. *Kammon*, 39 Minn. 372, [40 N. W. 266].)

While there is no claim made in the brief by counsel for the plaintiff that he is in any event entitled to a specific enforcement of the agreement on the ground of part performance (Code Civ. Proc., sec. 1972), yet, as we have shown, the complaint alleges payments made on the alleged purchase price of the specific parcel of land of which the plaintiff alleges that he became the purchaser under the alleged contract with the defendant, and the inference from those allegations is that such payments constitute part performance, and should be so regarded. That mere payments on the purchase price of the land are not sufficient to take an oral agreement for the sale of land out of the statute of frauds, is well settled. (*Forrester* v. *Flores*, 64 Cal. 24, [28 Pac. 107].) In that case, the plaintiffs sought the specific enforcement of an oral agreement by the defendant to sell certain real property to the plaintiffs on the ground of part performance, the complaint alleging that the latter had fully performed the agreement on their

part by paying the entire purchase money, but that the defendant, although he had taken and kept the money, refused to execute and deliver to the plaintiffs a deed to the property. The answer of the defendant made no denial of the allegations of the complaint as to the payment of the purchase price, and by reason of that fact, the plaintiff asked for a judgment on the pleadings, which motion was denied, and judgment thereupon entered for the defendant. Upholding the judgment, the supreme court said: "And although there was no denial of the allegations as to the payment of the money, yet no inference could be drawn, from the fact of payment, that the moneys were paid to the defendant on account of and in the performance of the alleged agreement. Besides, if such an inference could be drawn from the fact, neither the fact, nor the inference, nor both together, would amount to such proof of part performance as would take the parol agreement out of the statute of frauds; for the mere payment of the purchase money of such agreement is not, according to the general practice in courts of equity, sufficient for that purpose. 'By an unbroken current of authorities running through many years, it is settled, too firmly for question, that payment, even to the whole amount of the purchase money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract.' (Browne on Frauds, sec. 461; Fry on Specific Performance, sec. 403; Story's Equity Jurisprudence, sec. 761.) It is only where the payment is accompanied by a change of possession in the land, or the expenditure of money upon it, on the faith of the oral agreement, and where the failure to perform by the vendor would work a gross fraud upon the vendee, that a court of equity will decree specific performance by compelling the execution of a deed. (Story's Equity Jurisprudence, sec. 761.) For money paid under an invalid contract, the party who pays has an adequate remedy at law."

The facts in the cases cited by the plaintiff distinguish them from this. For instance, in the case of *Preble* v. *Abrahams,* 88 Cal. 245, [22 Am. St. Rep. 301, 26 Pac. 99], the agreement contained in the writng upon which the plaintiff relied was that the vendors would sell to "A. Abrahams, of Reno, for $125.00 per acre, for forty acres of the eighty-acre tract at Biggs," etc. The writing was dated, "Biggs, January 13,

1888," from which it was readily to be inferred that there was a town or settlement known by that name and readily susceptible of identification. All that was required to locate or identify the land, as it was thus described in the writing, was to ascertain whether the vendors owned an eighty-acre tract, distinct from any other tract, at or in the immediate neighborhood of the town or settlement of Biggs, and, as is suggested by counsel for the defendant here, this could easily be done by reference to the public county records. Besides, it is to be assumed that the use of the definite article "the" immediately preceding the words, "eighty-acre tract," was intentional, and for the express purpose of describing a particular tract of land consisting of that number of acres, situated "at Biggs." Moreover, the use of the article "the" as it appears in the sentence referred to, implies that the vendors were the owners of but one eighty-acre tract at Biggs; so, as the supreme court in that case said: "If the vendors owned an eighty-acre tract at Biggs, we assume that they intended to sell forty acres of the eighty-acre tract owned by them at Biggs." If, therefore, parol testimony was admitted to disclose the precise location of said tract, its purpose was not to correct an insufficient description, but merely to locate the land by the description as given of it in the writing. (*Crozer* v. *White,* 9 Cal. App. 612, 616, [100 Pac. 130].)

The other cases cited by the plaintiff need not be specially reviewed here. Many of them are from other jurisdictions and two are the following California cases: *Towle* v. *Carmelo L. & C. Co.,* 99 Cal. 397, [33 Pac. 1126]; and *Carr* v. *Howell,* 154 Cal. 372, [97 Pac. 885]. An examination of the California cases will disclose that they are very much different from this case as to the facts.

Our conclusion is, as must be apparent from the foregoing, that the alleged written agreement upon which the plaintiff declares, and upon which he must rely if he would succeed at all in sustaining his action, falls very far short of measuring up to the requirements of the statute of frauds, and that it cannot, therefore, be upheld either at law or in equity.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.