JOSEPH ST. LAWRENCE *et al. vs.* HAROLD L. REED.

AUGUST 4, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity to compel specific performance of *two* oral contracts, one alleged to have been made between the respondent and the complainants Joseph

St. Lawrence and Germaine St. Lawrence, and the other between the respondent and the complainants Edson Reid and Alice Irene Reid. After a hearing in the superior court a decree was entered dismissing the bill of complaint. From this decree the complainants have appealed and the cause is now before us on such appeal.

The bill alleges that in May 1945 the complainants St. Lawrence and the respondent learned that a certain tract of land located in Tiverton in this state, hereinafter referred to as "Highland Terrace," could be purchased; respondent then agreed with said complainants that if they would purchase from him one half of the tract he would buy the entire tract from the then owners and would sell to complainants St. Lawrence the southerly half; that they would have the land surveyed and a thirty-foot street running from Highland road laid out between their tracts; that they would then subdivide the two tracts into house lots, have said street graded, and a good passable roadway laid in the fall; and that respondent would pay one half the cost thereof and complainants St. Lawrence would pay the other half.

It is further alleged that the respondent purchased said tract of land and placed his deed on record in Tiverton; that thereafter in accordance with the foregoing agreement complainants St. Lawrence purchased from the respondent the southerly half of such tract, taking title in the name of the complainant Germaine St. Lawrence; that pursuant to such agreement the tract was surveyed and a street, namely, Reed street, was laid out between the tracts of land as agreed; that the tract was subdivided into twenty-two house lots, one to eleven inclusive being the property of respondent and twelve to twenty-two inclusive being the property of complainants St. Lawrence; and that the plat thereof entitled "Plan of Highland Terrace," *etc.* was filed in the office of the town clerk of Tiverton on October 23, 1945.

The bill then alleges that complainants St. Lawrence have sold a number of lots on said tract and have erected houses thereon, one of which they occupy; that they have promised all purchasers that whenever the respondent shall pay his one half, Reed street will be graded and a passable road put in by complainants St. Lawrence and respondent; that complainants St. Lawrence have been greatly damaged by reason of the failure of respondent to carry out his agreement; that the lots on said tract are greatly lessened in value for use and occupation and possible salability by reason of the refusal of respondent to carry out his agreement; that complainants St. Lawrence are greatly damaged otherwise, thereby; and that they are ready and willing to carry out their part of the agreement hereinbefore referred to and offer to comply with any order of the court to effectuate said agreement.

The bill then refers to a separate agreement between respondent and complainants Edson Reid and Alice Irene Reid and alleges that in April 1946 the respondent solicited these complainants to purchase lot numbered 8 on "Highland Terrace," and agreed that if said complainants would purchase that lot he, the respondent, and Joseph St. Lawrence would have a bulldozer take out the loam in the fall and put in a gravel surfaced top roadway the entire length of Reed street suitable for passage; that in reliance upon his promise and agreement these complainants purchased from respondent said lot and erected a house thereon, which they now occupy; that Reed street is impassable during a large portion of the year; that said complainants purchased the lot on the agreement that respondent would carry out his promise concerning the roadway and would not have purchased it otherwise; that said complainants have been damaged and the value of their premises is greatly lessened by failure of respondent to carry out his agreement; that they will continue to be so damaged unless and until said roadway is constructed as agreed; and that

they have repeatedly requested the respondent to carry out his agreement, which respondent has refused to do.

The bill then contains four prayers for relief: (a) that the respondent may be ordered to specifically perform his agreement; or (b) that he be perpetually enjoined and restrained from violating or committing a breach of his contract and agreement; or (c) that he be ordered to deposit in the registry of the court a sum sufficient to cover one half of the cost of constructing said roadway; or (d) for such other and further relief as may be meet and equitable.

The respondent in his answer, while admitting a part of the agreement with the complainants St. Lawrence, denied that part thereof which states "that they would then have said street graded and a good passable roadway laid in the Fall, and that respondent would pay one-half the cost thereof and the complainants St. Lawrence would pay the other half of the cost," and further denied any agreement to take out the loam and put in a gravel surfaced top roadway the entire length of Reed street as alleged by the complainants Reid, or to have Reed street graded and paved.

In his rescript, upon which the decree appealed from was based, the trial justice found that there was some sort of an agreement between the complainants and the respondent relative to laying out and grading Reed street and the payment of the cost thereof, one half by the complainants St. Lawrence and one half by the respondent, but that the terms of the two separate agreements alleged in the bill were general, indefinite and uncertain and left important matters of detail to conjecture or to be supplied by the court; that the agreements were either silent or lacking in certainty as to the materials to go into the road, its durability, the depth of the excavation, and whether the parties intended to have the cheapest, medium-priced, or best type of construction.

The trial justice also found that enforcement of a decree of specific performance in this case would require close supervision by the court, and held that equity should not enforce specific performance in such circumstances but should leave the parties to their remedy at law.

We are of the opinion from an examination of the record that the decree appealed from was proper and fully justified by the evidence. That there was some agreement between the parties is clear, but such agreement was not reduced to writing and its terms were not sufficiently definite and certain so as to require the trial justice to grant specific performance.

The law applicable to the facts in the instant cause is well stated in 49 Am. Jur., Specific Performance, §22, as follows: "In order for a court of equity to decree specific performance of a contract, the court must be able to determine what must be done to constitute performance. The indefiniteness of an agreement is an adequate reason for refusal to direct specific performance thereof. The contract itself must make the precise act which is to be done clearly ascertainable. It is fundamental that in order to do this and to enable the court to decree specific performance, the terms of the contract must be clear, definite, certain, and complete. The contract must be free from doubt, vagueness, and ambiguity, so as to leave nothing to conjecture or to be supplied by the court. It must be sufficiently certain and definite in its terms to leave no reasonable doubt as to what the parties intended, and no reasonable doubt of the specific thing equity is called upon to have performed, and it must be sufficiently certain as to its terms so that the court may enforce it as actually made by the parties."

This case differs greatly from a case where one of the parties alone had agreed to do a certain act or acts. Here *two* parties are alleged to have made an agreement to construct a road. The relief sought would have obligated them to perform jointly an agreement or contract, the

specific terms of which had been agreed to by neither but which would have to be fixed by the court and accepted by the parties, neither of whom might be satisfied therewith, although both would be bound thereby. Contracts of this nature should be left for enforcement by the parties in an action at law for damages rather than by a suit in equity for specific performance.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John C. Burke,* for complainants.

*Burdick, Corcoran & Peckham,* for respondent.

