[Civ. No. 5761.   Fourth Dist.   Nov. 26, 1958.]

CORONA UNIFIED SCHOOL DISTRICT OF RIVERSIDE COUNTY, Respondent, v. FRANCISCO VEJAR et al., Appellants.

Frank De Marco, Jr., for Appellants.

Ray T. Sullivan, Jr., County Counsel, Leo A. Deegan and James H. Angell, Assistant County Counsel, for Respondent.

SHEPARD, J.—This is an action seeking to compel defendant to specifically perform an agreement to sell real estate. After some preliminary oral negotiations defendant

Pipkin, on April 4, 1955, sent to plaintiff the following telegram:

"Submitting twelve acres school site $15,000 net to me. Southwest part of Lot 2 Trinidad Yorba Tract adjoining Coronite subdivision per conversation of April 4-55

"Mrs. William N. Pipkin."

The same day plaintiff's board of trustees passed its resolution purporting to accept said offer and directed that the matter be placed in escrow. On April 7, plaintiff's representatives went on the ground with transit and steel tape and measured out on the ground a tract of 12 acres which said representatives felt would be desirable, placing two by two white fir stakes at each of the four corners on the property thus measured, it being in the form of a trapezoid generally rectangular in character. Defendant Pipkin came upon the ground while the measuring was being done, saw the property thus delineated by the four corner stakes, and orally agreed to sell the land thus encompassed. Thereupon, the parties together visited an escrow agent and there signed escrow instructions which are generally sufficient, but which are challenged with respect to that portion relating to the specific description of the property concerned, which reads as follows, to wit:

" '. . . real property in the County of Riverside, State of California, viz: a portion of Lot 2, Trinidad Yorba Tract (approx. 12 acres)

" 'Buyer to secure survey of property concerned and submit to this escrow——

" 'Seller to approve said description.' "

In order to properly understand what this description refers to the reader must visualize that Lot 2, as shown by the plat or map in evidence, is a long comparatively narrow strip of property running from Yorba Street on the southwest in a northeasterly direction a distance of approximately two miles, with a width of about 1,800 feet. The 12-acre parcel measured out, as above referred to, was not located in or near the south· west part of Lot 2 but is, in fact, on the southeasterly line of said Lot 2, almost one-half mile northeasterly from the southwesterly line of said Lot 2.

The appellant presents three points: first, that the description of the property is insufficient; second, that the assent of the appellant was given under a mistake of fact; and third,

that the respondent did not properly tender the purchase price.

1. Appellant's first point is expressed as follows:

"There was no meeting of the minds sufficient to establish a certain and definite contract which may be specifically enforced."

Section 3390, Civil Code, provides, with respect to this particular point, as follows:

"WHAT CANNOT BE SPECIFICALLY ENFORCED. The following obligations cannot be specifically enforced:

. . . . . . . . . . . . . . . .

"6. An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable."

Section 1624, Civil Code, requires that an agreement for the sale of land must be in writing.

In applying these provisions of our law to the subject of certainty in descriptions of real property a substantial number of cases have arisen, and a rather clear cleavage has been arrived at. ■ The basic concept is contained in the early case of *Breckinridge* v. *Crocker*, 78 Cal. 529,.535 [21 P. 179], where, in refusing to enforce a contract, the court said:

" 'It is therefore an essential element of a contract in writing that it shall contain within itself a description of the thing sold by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who buys it.' "

■ In a later case and in further amplification of this rule it was said:

"Parol evidence will not be admitted to help out a defective description, or to show the intention with which it was made, or to resolve an ambiguity in its terms; but the rule that the description must be certain and definite and sufficient in itself to identify the land, does not exclude evidence for the purpose of applying the description to the surface of the earth, and thus identifying it with the tract in controversy. If a monument is given as the starting-point, evidence may be given to show its location, but if the direction of the course from that monument is not given, evidence will not be received to show what direction was intended. If the land is described by some name or designation, evidence will be received for the purpose of showing that the tract in controversy was well and generally known by that name or designation." (*Best* v. *Wohlford*, 144 Cal. 733, 737 [78 P. 293].)

Another aspect of this rule is that referred to in *Houghton* v. *Kern Valley Bank*, 157 Cal. 289, 292 [107 P. 113], where the court said:

"And, further: 'The later cases of *Best* v. *Wohlford*, 144 Cal. 733, [78 P. 293], and *Baird* v. *Monroe*, 150 Cal. 560 [89 P. 352], accepting the rule of *Miller* v. *Williams* [135 Cal. 183 (67 P. 788)], as correct, establish the doctrine that while such description is *prima facie* insufficient, it may be in fact sufficient to identify the property, and that whether or not it is so sufficient is a question of fact to be determined by the trial court upon such evidence as may be presented on that issue.'"

█ A combination of these two rules is set forth in *Thompson* v. *McKenna*, 22 Cal.App. 129, 132 [133 P. 512], as follows:

"Parol evidence is admissible, not for the purpose of adding to or varying the description contained in the deed, but for applying the description to that part of the surface of the earth which is the subject matter of the deed. Whether or not such evidence is sufficient to show that the land can be identified with reasonable certainty is a question of fact for the trial court."

A very satisfactory résumé of most of the portions of the rule here involved is contained in *Ellis* v. *Klaff*, 96 Cal.App.2d 471 [216 P.2d 15], and therein the court quoted the following from *Craig* v. *Zelian*, 137 Cal. 105, 106 [69 P. 853]:

"'The whole object of the statute would be frustrated if any substantive portion of the agreement could be established by parol evidence.'"

Different types of description have been held sufficient, for example, in *Preble* v. *Abrahams*, 88 Cal. 245, 250 [26 P. 99, 22 Am.St.Rep. 301], the description was "forty acres of the eighty-acre tract at Biggs." The total of the written documents showed that two parties agreed to buy the whole 80, one of them the western half thereof so that the only thing left for the defendant was the eastern half. In *Carr* v. *Howell*, 154 Cal. 372, 374 [97 P. 885], the description was "56 x 155 feet to an alley, on the east side of Broadway between Sixth and Seventh streets, in the city of Los Angeles, Cal., and being a part of lot seven (7) in block 17, Ord's survey." The public record showed that this was the only property owned by the seller in the city of Los Angeles, and there was only one property of this description in the city. Such extrinsic evidence was held sufficient.

In *McKevitt* v. *City of Sacramento,* 55 Cal.App. 117, 127 [203 P. 132], the description was " 'lying between the Freeport road and Twenty-first street on the East, and Tenth street on the West, and being easterly of the property now owned by the City of Sacramento at Sump No. 2, being 238.26 acres,' " and it was shown by extrinsic evidence that this description could actually be identified and was therefore held sufficient. Numerous examples of insufficient descriptions are to be found. For example, in *Craig* v. *Zelian, supra,* the description was "a strip of land in front of Golden Rule Store and Stent Market." Since nothing is here contained as to the width or length of the strip, the description is held insufficient.

■ In *Eaton* v. *Wilkins,* 163 Cal. 742, 745, 746 [127 P. 71], ". . . our land of 1060 acres . . . Wilkins Ranch" was held insufficient, the court saying:

"The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such a contract must be in writing, subscribed by the party to be charged, and must contain such description of the land, either in terms or by reference, that the property may be identified without resort to parol evidence."

Many other examples of both sufficient and insufficient descriptions can be found. (*Tetenman* v. *Melekov,* 90 Cal. App. 625 [266 P. 367]; *Twisselmann* v. *Cohn,* 57 Cal.App.2d 987, 990 [136 P.2d 33]; *Wright* v. *L. W. Wilson Co., Inc.,* 212 Cal. 569 [299 P. 521]; *Hines* v. *Copeland,* 23 Cal.App. 36, 40 [136 P. 728]; *Russell* v. *Ramm,* 200 Cal. 348 [254 P. 532]; *Willmon* v. *Peck,* 5 Cal.App. 665, 667 [91 P. 164]; *McLauchlan* v. *Bonynge,* 15 Cal.App. 239 [114 P. 798].) But in each case a close reading makes it clear that even though there might be some apparent departure from the general rules hereinbefore recited, there was in fact no such departure because of the intervention of particular tax statutes or of rules relating to broker contracts, or of some other factor not in anywise present in the case at bar.

■ Try as we will, there is no way that the description of "twelve acres . . . southwest part of Lot 2 Trinidad Yorba Tract adjoining Coronite subdivision" can be actually delineated on the ground without orally supplying missing elements of the description. In the case at bar the telegram was sent before there ever was a delination on the ground. The actual delineation on the ground was nowhere near the southwest part of Lot 2 but was, in fact, along the south-

easterly line almost one-half mile northeasterly from the southerly corner of said lot. It does not coincide at all with the distance of the Coronite subdivision. There is no way from the description to assign to it any width or depth.

The description contained in the escrow agreement likewise is defective in the same particulars. It does not tie itself to any point, does not mention in any way that any stakes were placed on the ground, and is completely devoid of any method by which any person by reference to any existing writing, map or chart of any kind could find it even with the aid of extrinsic explanatory evidence. In this state of the evidence, we have no alternative but to find that the description in the agreement is insufficient to support an action for specific performance.

We find no merit in the other points made by appellant. The evidence, even though conflicting, amply supports the other findings of the court.

After a full examination of the record it does appear that the plaintiff in this case presented all of the evidence in anywise available, and that no writing of any kind does in fact exist from which a description could be found that would assist plaintiff.

The judgment is reversed, and the trial court is directed to enter a judgment in favor of defendant.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

A petition for a rehearing was denied December 17, 1958, and respondent's petition for a hearing by the Supreme Court was denied January 21, 1959.

---

*Assigned by Chairman of Judicial Council.