[Civ. No. 18501.   First Dist., Div. Two.   July 31, 1959.]

ELMER O. BRUDVIG et al., Respondents, v. J. H. RENNER et al., Appellants.

Ross & Harris and John G. Barnes, Jr., for Appellants.

Raymond H. Goodrich and Joseph C. Davish for Respondents.

DRAPER, J.—Decree of specific performance of a contract for sale of real estate directs defendant owner to convey described land to plaintiff buyer. Defendant appeals.

As is the case with so many such disputes, the agreement of sale was drawn by a real estate salesman. It describes the property as:

"2-acres more or less, with New Home, located at 4053 Branciforte Drive, Santa Cruz, California; legally known as Dr. J. H. Renner property."

There would be no uncertainty if this description covered all the land owned by defendant at that location (*Towle* v. *Carmelo L. & C. Co.*, 99 Cal. 397 [33 P. 1126]), or all the property known as 4053 Branciforte Drive (*Finn* v. *Goldstein*, 201 Cal. 605 [258 P. 85]; *Burnett* v. *Kullak*, 76 Cal. 535 [18 P. 401]).

But it is admitted that the contract dealt only with a portion of defendant's land. The complaint sets out a metes and bounds description of exactly 2 acres—concededly less than the area owned and occupied by Renner. Defendant owned 18 acres which he had fully occupied for some time. Shortly before this contract, he had agreed to sell some 15 acres to another, but he still retained both legal and equitable title to about 3 acres. Plaintiff testified that he desired to buy, and

negotiated for, exactly 2 acres. He asked deletion of the "more or less" phrase, but was told by the salesman that it meant only a minor variation, and was commonly included in such contracts "to keep it from going into Court." Defendant's answer alleges that plaintiff is entitled only to land described therein, consisting of only 0.94 acre. Thus neither the pleadings nor the evidence permit construing the contract to cover the entire Renner land.

The question then becomes whether the agreement designates a 2-acre parcel of the total 3 acres with the certainty required to support a decree of specific performance. We conclude that it does not. The 3-acre piece is irregularly shaped. There are many possible means of carving from it 2 acres which would include the home described in the contract. The solution proposed by plaintiff would make the northerly boundary parallel with the southerly property line. But his own surveyor, who conceived this method of determining the question, testified that his choice of the northerly line was "arbitrary." It is clear that the contract description is inadequate to support a decree of specific performance.

In an action for specific performance, parol evidence may aid the contract description only in limited situations (see review of the cases in *Corona Unified School Dist.* v. *Vejar*, 165 Cal.App.2d 561 [332 P.2d 294]). The description before us could be made definite only by resorting to parol evidence for addition of terms to the contract, rather than for aid in construction of the contract terms. But even if we disregard all restrictions upon the use of the parol evidence in this case, the evidence introduced falls far short of spelling out a description sufficiently certain to support the relief here sought. Lacking the required specificity (Civ. Code, § 3390 [6] ; *Corona Unified School Dist.* v. *Vejar, supra*), the decree cannot be affirmed. Plaintiff suggests that he has the right to select any 2 acres of defendant's land. If the contract so provided, it would be sufficiently certain. (*Fleishman* v. *Woods*, 135 Cal. 256 [67 P. 276].) But the agreement contains no such provision, and it seems clear that none can be implied or inferred. (*Hines* v. *Copeland*, 23 Cal.App. 36 [136 P. 728].)

The fact that the contract is not sufficiently certain for specific performance does not, however, preclude recovery of damages for its breach. (*Pascoe* v. *Morrison*, 219 Cal. 54 [25 P.2d 9].) The complaint here alleges and prays for damages resulting from defendant's failure to convey. Even if it did

not, amendment to allege damages could be permitted. (*Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 172-173 [88 P.2d 698, 89 P.2d 386].) The damages awarded in the case at bar were wholly incidental to the grant of specific performance. The trial court may well consider that another measure should be applied in the light of our holding that specific performance cannot be had. The issue of damages is not argued on the present appeal. We do not by this opinion determine that issue in any way. Rather, the case will be remanded for such further proceedings as the trial court may determine proper upon the issue of damages.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.