DECISION
This matter comes before the Court on plaintiff's post-hearing motion for specific performance. Plaintiff seeks to enforce a parking easement contained in its deed to a parcel of property plaintiff purchased in 1992. This Court has already granted summary judgment in plaintiffs favor, ruling that, under the deed, plaintiffs patrons are entitled to park on the lot in question, lot 434-2. "SPMA contends that since [defendant] Marvell has failed to designate sufficient parking for 21 vehicles, this Court should specifically enforce the deed by designating the required parking." Post-hearing Memorandum inSupport of Plaintiffs Motion for Specific Performance, 1. "SPMA has now asked the Court, by way of specific performance, to implement a parking plan devised by its engineer which would utilize in excess of 7000 square feet of Lot 434-2 for parking for the Sakonnet Point Marina." Post hearing Memorandum ofDefendants Bluff Head Corporation and Philomen [sic] T Marvell, 1.
Specific performance is an equitable remedy. The granting of specific performance is appropriate when adequate compensation cannot be achieved through money damages as where the item is unique and distinctive, such as land. "It is well established that the party who wishes to avail himself of the unique remedy of specific performance must show that he was ready, able and willing to perform his part of the contract" Sakober v. E.M.Loew's Capitol Theatre, Inc., 265 A.2d 429, 435 (R.I. 1970). The contract itself must make the precise act which is to be done clearly ascertainable before specifif performance can be granted.St Lawrence v. Reed, 60 A.2d 734 (R.I. 1948).
The situation presented here differs from any other specific performance cases contemplated by the Rhode Island Supreme Court. At issue is a provision in a cited which grants plaintiff a parking easement on defendants property. The deed stales that Lot 434-2 is conveyed subject to:
 "all easements reasonably necessary for access and egress to said marina facility for the enjoyment, use, maintenance and repair of the same, and for the parking of twenty-one (21) motor vehicles for the benefit of said slip owners/lessees and their guests, said easement area(s) to contain not less than 5,400 square feet of land. The exact location of said parking easement is to be determined by the Grantees, their heirs and assigns and may be changed from time to time, but shall at all times be located on the premises conveyed herein." Deed 2.
This deed language is unambiguous in its provision for an area sufficient to park twenty one automobiles and this Court has already ruled that defendants may utilize only lot 434-2 to satisfy said parking easement
Plaintiffs now seek to specifically entree that provision for twenty-one parking spots which until now have not been provided. Further, plaintiffs request that this Court specifically adopt the parking plan submitted by their engineer, Mr. Larry Smith. The defendants maintain that no contract existed between Sakonnet Point Marina and Bluff Head Corporation. "What is being sought to be enforced is a provision in a deed between HCM and Bluff HeadCorporation." Therefore, defendants argue, Sakonnet is not entitled to invoke the remedy of specific performance.
The Court disagrees with defendants' position that Sakonnet is not entitled to invoke the remedy of specific performance. However, the Court is not prepared to grant plaintiffs request exactly as stated. In its prior summary judgment decision, this Court stated that the twenty one parking spots needed to be assigned and that they have to be on Lot 434-2. However, the deed also contains clear language stating that the exact location of the parking spots shall be determined by the grantees, their heirs and assigns. This language indicates that the parties intended to leave themselves open for negotiation regarding the parking plan that was to be adopted in accomodating twenty-one vehicles. This Court's adoption of a particular parking plan would constitutes an interference with a freely negotiated contractual term. Not only does the Court not believe it is authorized to act in such a manner, it is loath to do so in the face of the clearly expressed intent of the parties
Therefore, the plaintiffs request for specific performance is granted but in a modified manner. Dr. Marvell is hereby ordered to provide enough space to allow for the parking of 21 vehicles and those spots will be located on lot 434-2. However, the determination of what constitutes adequate space and how exactly those spots will be designed shall be determined by an engineer hired by the parties for that purpose. This decision is in no way to be interpreted as an opportunity to delay the implementation of a parking arrangement suitable for twenty-one cars on lot 434-2.